# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAMES BOELKES,<br><br>                        Plaintiff,<br>v.<br><br>CYNTHIA TOMPKINS, Warden<br>                        Respondent. | Case No.: 17cv1905 DMS (BGS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 18]** |

      Petitioner Adam James Boelkes has filed a Motion for Appointment of Counsel (ECF No. 18.) He seeks appointment because he is unable to afford counsel, he has made repeated efforts to obtain a lawyer, he believes the issues presented in this case are complex, he has limited access to the law library and limited knowledge of the law, and he is in prison. Further, he believes counsel would better enable plaintiff to present evidence if a hearing were to be held in this matter. (*Id.* at 1-2.)

      "[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (citations omitted); *see also McCleskey v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Courts have the discretion to appoint counsel for indigents when "a magistrate

or the district court 'determines that the interests of justice so require.'" *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citations omitted); *see also Knaubert*, 791 F.2d at 728-29. Generally, when an evidentiary hearing is not warranted, the "denial of a motion to appoint counsel at government expense does not amount to a denial of due process." *Knaubert*, 791 F.2d at 729.

The Court finds Petitioner is not entitled to appointment of counsel. Most of the concerns raised by Petitioner, *i.e.* being in custody, having limited access to the law library and limited legal knowledge, and being unable to afford counsel, apply to almost every habeas petitioner.

More importantly, these do not raise due process concerns. At this point, because the Court does not find an evidentiary hearing is warranted, Petitioner would only be entitled to appointment of counsel if its denial would constitute a violation of due process. The Court finds that it is not. As is the case in considering every habeas petition, the Court is obligated to and will view Petitioner's filings liberally and independently scrutinize the state court record. *Id.* at 729 (finding highly protective procedures for *pro se* petitioners and court's obligation to "review the record and render an independent legal conclusion" weigh in favor of finding that due process does not require appointment of counsel).

Additionally, there is nothing about his claims or Petitioner's ability to present his claims that indicates the particular circumstances of his case require counsel or that counsel should be appointed in the interest of justice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (finding district court did not abuse its discretion in denying habeas petitioner appointed counsel based on interest of justice when his pleadings demonstrated he had a good understanding of the case and could coherently present his contentions). Petitioner

2

has demonstrated his ability to present his claims in his petitions. (*See* ECF No. 1, 10, 12.)

Accordingly, the Motion for Appointment of Counsel (ECF No. 18) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

Dated: March 20, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge